IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>　　v.<br><br>JOEL MEDINA-SANTOS [2],<br><br>　　Defendant. | CRIMINAL NO. 07-321 (JAG) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.**　**Procedural Background**

On August 8, 2007, defendant Joel Medina-Santos was charged in a four-count indictment. He agrees to plead guilty to Count Three.

Count Three charges that on or about November 7, 2005, Mr. Medina did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Defendant appeared before me, assisted by the court interpreter, on May 16, 2008, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

USA v. Joes Medina-Santos                                                                                    Page 2
Cr. No. 07-321 (JAG)
**Report and Recommendation on Guilty Plea**

II.     **Consent to Proceed Before a Magistrate Judge**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1] Although the defendant does not read English, he confirmed that his attorney translated and explained the document in the Spanish language. He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge, advising how to proceed. The defendant then voluntarily consented to proceed before a magistrate judge.

III.    **Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. <u>United States v. Hernández-Wilson</u>, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" <u>United States v. Cotal-Crespo</u>, 47 F3d 1, 4 (1st Cir. 1995) (quoting <u>McCarthy v. United States</u>, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. <u>Cotal-Crespo</u>, 47 F3d at 4 (citing <u>United States v. Allard</u>, 926 F2d 1237, 1244 (1st Cir. 1991)).

A.      **Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

understanding of the purpose of the hearing, all in order to ascertain his capacity to answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Medina was competent to plead and fully aware of the purpose of the hearing.

### B.    Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely a term of imprisonment not more than twenty years, a fine of not more than $1,000,000.00, and a supervised release term of at least three years. A Special Monetary Assessment of $100.00 will also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count Three and the potential consequences of the guilty plea.

### C.    Plea Agreement

Mr. Medina was shown the document titled "Plea Agreement", which is part of the record, and identified his initials on each page and his signature on the last three pages. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that his attorney translated and explained it in the Spanish language, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the

terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court. As to Count Three, the agreed upon Base Offense Level ("BOL") is Twenty pursuant to U.S.S.G. §2D1.1; pursuant to U.S.S.G. §3E1.1(b), a decrease of three levels is agreed for acceptance of responsibility; and pursuant to U.S.S.G. §5C1.2, a decrease of two levels is agreed to if the defendant complies with all the requirements of the "safety valve." Based on these Guideline sentencing factors, the agreed Total Offense Level for Count One is Fifteen. As indicated in the Plea Agreement, the parties agree to recommend a sentence of 24 months, assuming a Criminal History Category of I. There is no stipulation as to criminal history. The government further agree to dismiss the remaining counts at sentencing. The defendant confirmed that these were the sentencing recommendations he agreed to with the government.

The defendant was specifically informed that any sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and

USA v. Joes Medina-Santos                                                                             Page 5
Cr. No. 07-321 (JAG)
**Report and Recommendation on Guilty Plea**

professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

### D.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.  The defendant confirmed that he understood these consequences of his guilty plea.

USA v. Joes Medina-Santos                                                                                      Page 6
Cr. No. 07-321 (JAG)
**Report and Recommendation on Guilty Plea**

  E. **Factual Basis for the Guilty Plea**

  Defendant was read in open court Count Three of the indictment and provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained.

  Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count Three and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial.

  F. **Voluntariness**

  The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

**IV.** **Conclusion**

  The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count Three of the indictment.

  After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Joel Medina-Santos, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count Three of the indictment.

  This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d)

**USA v. Joes Medina-Santos**     Page 7
**Cr. No. 07-321 (JAG)**
**Report and Recommendation on Guilty Plea**

of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

    **A sentencing hearing will be set before United States District Judge Jay García-Gregory.**

    **IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 16th day of May, 2008.

                    <u>S/*Bruce J. McGiverin*</u>
                      BRUCE J. McGIVERIN
                      United States Magistrate Judge